# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JENNIE E. URSHAN,**

              **Plaintiff,**

**-vs-**                                            **Case No. 6:08-cv-2029-Orl-22DAB**

**ORLANDO UTILITIES COMMISSION,**

              **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO APPROVE SETTLEMENT (Doc. No. 25)**
>
> **FILED:**      **April 8, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      This Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the

settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Plaintiff was employed by Defendant as a customer service representative; she sought $3,175.20 for alleged overtime worked, and $271.83 for unpaid wages, and double the amounts for liquidated damages. Doc. No. 15.

The parties explained their respective positions and reasons for settlement in the Joint Motion for Approval of Settlement:

> The Defendant recognized its mistake in having failed to pay Plaintiff minimum wage for all hours worked when it withheld portions of her last two paychecks, based on Plaintiff's failure to reimburse Defendant for tuition assistance previously provided Plaintiff. Therefore, from the onset of the case, Defendant agreed Plaintiff was entitled to minimum wage and liquidated damages for the 48 hours for which she was not paid minimum wage upon her termination from employment.
>
> Plaintiff's FLSA claim also included a claim for overtime, which Defendant vehemently disputed, having within its possession time records completed and signed by Plaintiff, payroll records evidencing payment to Plaintiff of time and one half for all hours recorded as having been worked over 40 in a workweek as well as for additional hours for which overtime was paid Plaintiff in accordance with OUC policy

> although not required by the FLSA, and witnesses who were prepared to testify as to the accuracy of Plaintiff's compensation.
>
> Plaintiff recognized the viability of Defendant's estoppel defense to her overtime claim. (See Doc. 12 at Third Affirmative Defense). To this end, the Plaintiff also considered the difficulty of proving her overtime claim since all her purported overtime hours occurred "off the clock." The Plaintiff also considered the difficulty in proving that the Defendant had knowledge of the overtime hours the Plaintiff claimed she worked without compensation. The Plaintiff also considered the Defendant's good faith defense regarding liquidated damages on her overtime claim. (Id. at Fifth Affirmative Defense). Finally, the Plaintiff considered all possible implications resulting from Defendant's Rule 68 Offer of Judgment. The Defendant likewise recognized the strength of its position - that Plaintiff could not establish she worked overtime for which she was not compensated.
>
> As such, the Parties agree that Plaintiff's acceptance of the Defendant's offer of $6752 – which constitutes payment of minimum wage for the 48 hours Plaintiff worked but for which she was not paid at the end of her employment (totaling $325.92), doubled for liquidated damages ($651.84), rounded up to ensure the applicability of Rule 68 in the event of a judgment in favor of Plaintiff on her minimum wage claim - with attorneys fees and costs in an amount to be determined by the court, reflects a reasonable compromise of Plaintiff's claims.
>
> Upon receiving Defendant's Rule 68 Offer of Judgment, Plaintiff and her counsel discussed at length her alleged overtime hours, the nature of the overtime hours ("off the clock"), the difficulty in proving that the Defendant had knowledge that such hours were worked by the Plaintiff, the possible implications of Rule 68, the strength of her minimum wage claim, and the Plaintiff's present need for money. Based on this discussion, the Plaintiff agreed that acceptance of Defendant's Rule 68 Offer of Judgment was reasonable. The Plaintiff also considered the evidence that would and could be presented at trial.

Doc. No. 25. On March 17, 2009, Defendant served on Plaintiff an offer of judgment for $652, which is the full amount of the unpaid wages for the final 48 hours Plaintiff worked and for which she was not paid at the end of her employment ($325.92), doubled for liquidated damages. Doc. No. 25. Plaintiff accepted the Offer of Judgment on March 17, 2009. Doc. No. 24.

Plaintiff's attorneys have filed documentation supporting a claim of $4,150 in attorney's fees and $380 in reimbursable costs. Doc. No. 28. Plaintiff's attorney, Mr. Adams, accrued 16.6 hours at a rate of $250 per hour. The parties have not resolved the attorney's fees portion of the case.

Plaintiff's acceptance of the offer of judgment in the amount of $652 for her unpaid wages and liquidated damages is a fair and reasonable settlement of the merits of the case. It is **RECOMMENDED** that the settlement by offer of judgment be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. It is further **RECOMMENDED** that the case be closed, subject to reopening as to the issue of fees, in the event the parties cannot agree.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 20, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy