# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JENNIE E. URSHAN,**

        **Plaintiff,**

**-vs-**                                **Case No. 6:08-cv-2029-Orl-22DAB**

**ORLANDO UTILITIES COMMISSION,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S AMENDED PETITION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO DEFENDANT'S OFFER OF JUDGMENT (Doc. No. 28)**
>
> **FILED:** April 14, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

Plaintiff seeks to recover attorney's fees of $4,250 and costs of $380 incurred in litigating her Fair Labor Standards Act claim for unpaid wages and overtime. Doc. No. 28. Defendant is opposed, contending that Plaintiff is entitled to recover no more than $1,000 for attorney's fees; there is no objection to costs.

Plaintiff filed under the FLSA to recover $271.83 for unpaid wages and $3,175.20 for overtime allegedly worked. Doc. No. 15. At the case management conference on February 27, 2009, Defendant agreed it had inadvertently deducted funds from Plaintiff's final paychecks; however, it

denied that it owed Plaintiff overtime. Doc. No. 31. On March 17, 2009, Defendant served Plaintiff with an offer of judgment for $652, comprising the full amount of the minimum wage violation plus liquidated damages, agreeing to the amount of attorney's fees the Court orders; Plaintiff accepted the offer of judgment that day. Doc. No. 24. Even though Plaintiff had only partial success on the merits of her claims, she now seeks to recover for the full 16.6 hours accrued at a rate of $250 per hour. *See* Doc. No. 26-2.

Plaintiff's counsel, Scott Adams, Esq., has been practicing since 2003. Doc. No. 26-2. Mr. Adams avers that he is entitled to $250 per hour for his work in this FLSA case; Defendant contends the rate should be $180 per hour, which is the rate Judge Spaulding authorized in a previous case[1]. *See* Doc. No. 31. This Court has previously found that the hourly rate for a seven-year attorney like Mr. Adams in Orlando, experienced in FLSA cases, is $190.00. *Brontzman v. Stone Age Pavers*, Case No. 6:08-cv-2061 (awarding an hourly rate of $190 to a seventh year associate), and cases cited therein. Mr. Adams is entitled to an hourly rate of $190 per hour.

As to the time properly recovered, Plaintiff was only partially successful on the merits. Although she recovered the full amount of her minimum wage claim for $271 (doubled for liquidated damages); she was entirely unsuccessful on her overtime claim, which was ten times the size, at $3,175.

Under the precedent of *Hensley v. Eckerhart*, "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." 461 U.S. 424, 433 (1983). The Court, likewise must impose a "billing judgment" limit on the amount of time reasonably compensable in a particular case. With respect to hours, if an

---

[1] Although Judge Spaulding's recommendation for a $180 hourly rate was overruled in a different case, Case No. 6:08-cv-03-31KRS, the opinion contained a lengthy footnote disclaimer on the difficulty in setting an accurate "market rate" in FLSA cases.

applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. Defendant contends that 2.8 hours of the 16.6 total hours are redundant time that should be excluded. The Court agrees that time spent preparing the Request for Admissions (.9 hours), Interrogatories (.6), and Request for Production (.4) which went to the overtime claim, were unnecessary and 1.9 hours should be excluded. Defendant contends that the discovery propounded on March 16, 2009, which was well after Plaintiff's counsel reviewed the payroll records on February 22, 2009, should not be compensated because at that point it was clear the claim was frivolous. Plaintiff admits in the settlement documents that she "recognized the viability of Defendant's estoppel defense to her overtime claim" because Defendant had time records completed and signed by Plaintiff, and payroll records evidencing payment to Plaintiff of time and one half for all hours recorded as having been worked over 40, and additional hours for which overtime was paid. Doc. No. 25. Plaintiff subsequently accepted the offer of judgment for an amount matching the minimum wage claim plus liquidated damages; it is clear that she is not a prevailing party on the overtime claim.

Based on the revisions discussed above, the Court finds that a reasonable hourly rate for Mr. Adams is $190 and the reasonable number of hours is 14.7 (16.6 hours requested minus 1.9 hours); the lodestar is then $2,793. It is respectfully **RECOMMENDED** that Plaintiff be awarded **$2,793** for attorney's fees and **$380** for costs. It is further recommended that Plaintiff's objection (Doc. No. 30) to the pending Report and Recommendation (Doc. No. 29) be denied as moot.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 5, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy