**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JENNIE E. URSHAN,**

        **Plaintiff,**

**-vs-**                                      **Case No. 6:08-cv-2029-Orl-22DAB**

**ORLANDO UTILITIES COMMISSION,**

        **Defendant.**

## ORDER

This cause comes before the Court for consideration of Magistrate Judge David A. Baker's April 20, 2009 Report and Recommendation on the parties' Joint Motion to Approve Settlement ("Settlement R&R") (Doc. No. 29) and Judge Baker's June 5, 2009 Report and Recommendation on Plaintiff's Amended Petition for Attorney's Fees and Costs ("Fees and Costs R&R") (Doc. No. 34). Plaintiff Jennie E. Urshan ("Plaintiff") filed objections to the Settlement R&R (Doc. No. 30) on April 22, 2009, and the Fees and Costs R&R (Doc. No. 35) on June 15, 2009. Defendant Orlando Utilities Commission ("Defendant") did not timely file a response to Plaintiff's objections.

Plaintiff was employed by Defendant as a customer service representative. On December 4, 2008, Plaintiff filed this lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, seeking $3,175.20 for alleged unpaid overtime (plus $3,175.20 in liquidated damages) and $271.83 for unpaid wages (plus $271.83 in liquidated damages). Judge Baker described the relevant procedural history as follows:

> At the case management conference on February 27, 2009, Defendant agreed it had inadvertently deducted funds from Plaintiff's final paychecks; however, it denied that it owed Plaintiff overtime. On March 17, 2009, Defendant served Plaintiff with an offer of judgment for $652, comprising the full amount of the minimum wage violation plus liquidated damages, agreeing to the amount of attorney's fees the Court orders; Plaintiff accepted the offer of judgment that day.

(Doc. No. 29 pp. 1-2 (internal citations omitted).) The offer of judgment did not include any recovery on Plaintiff's overtime claim. On April 8, 2009, the parties filed their Joint Motion to Approve Settlement (Doc. No. 25). In the Joint Motion, Plaintiff represented that she accepted Defendant's offer of judgment because she "recognized the viability of Defendant's estoppel defense to her overtime claim" and also "considered the difficulty of proving her overtime claim since all her purported overtime hours occurred 'off the clock,' " the "difficulty in proving that the Defendant had knowledge of the overtime hours the Plaintiff claimed," and "the Defendant's good faith defense regarding liquidated damages on her overtime claim." (Doc. No. 25 ¶ 7.) Finally, Plaintiff represented that she accepted the offer of judgment because of her "present need for money." (*Id.* at ¶ 8.)

In the Settlement R&R, Judge Baker recommended that the "settlement by offer of judgment be accepted by the District Court as a 'fair and reasonable resolution of a bona fide dispute' over FLSA issues." (Doc. No. 29 p. 4.) Judge Baker also recommended that the Court close the case, subject to reopening as to the issue of attorney's fees. (*Id.*) Plaintiff objected to the Settlement R&R, asserting that the case should not be closed because the issue of attorney's fees and costs was ripe for adjudication. (Doc. No. 30.)

The Court approves the Settlement R&R and finds that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA issues.[1] Plaintiff's objection is moot because the issue of attorney's fees is presently before the Court on Judge Baker's Attorney's Fees and Costs R&R.

In the Attorney's Fees and Costs R&R, Judge Baker recommended that the Court award a reasonable hourly rate of $190.00 and find that 14.7 hours is a reasonable number of hours for this case. (Doc. No. 34 p. 3.) Thus, Judge Baker recommended an award of $2,793.00 for attorney's fees and $380.00 for costs. *Id.* Plaintiff objects to the Attorney's Fees and Costs R&R, arguing that, based on Plaintiff's counsel's experience and qualifications, the Court should award a reasonable hourly rate of $250.00. (Doc. No. 35 p. 11.) Plaintiff's counsel asserts that other courts have awarded him a reasonable hourly rate of $250.00.

The Court agrees with Judge Baker that a reasonable hourly rate is $190.00. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). The party seeking a particular hourly rate "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." (*Id.*)

---

[1] The Court notes that although Judge Baker stated that the offer of judgment was for $652.00, the parties' motion actually indicates that the offer of judgment was for $675.00. The Court will approve the amount indicated in the parties' motion.

Plaintiff's counsel has not established that he is entitled to an hourly rate of $250.00 in this case. The cases he relies on do not establish his entitlement to a rate of $250.00 for the services provided to Plaintiff. Plaintiff's reliance on a default judgment case, where attorneys' fees were not contested, is unavailing in this case, where attorney's fees are contested. Moreover, the other cases cited by Plaintiff involved complicated issues and adversarial contexts, such as dealing with pro-se defendants and prosecuting a case at trial. In contrast, this case presented straightforward FLSA claims for unpaid wages and overtime that were resolved at an early stage of the litigation. That is, Defendant acknowledged at the case management conference that it owed unpaid wages. As for overtime wages, Plaintiff quickly realized that she would not be able to prove her claim. Thus, shortly after the case management conference, Defendant made its offer of judgment, which Plaintiff accepted. Accordingly, the Court finds that the prevailing market rate for similar services provided by lawyers comparable to Plaintiff's counsel is $190.00 an hour.

Based on the foregoing, it is ORDERED as follows:

1. Magistrate Judge David A. Baker's April 20, 2009 Report and Recommendation on the parties' Joint Motion to Approve Settlement (Doc. No. 29) is APPROVED and ADOPTED.

2. Magistrate Judge David A. Baker's June 5, 2009 Report and Recommendation on Plaintiff's Amended Petition for Attorney's Fees and Costs (Doc. No. 34) is APPROVED AND ADOPTED.

3. Plaintiff Jennie E. Urshan's objection to the Report and Recommendation on the parties' Joint Motion to Approve Settlement (Doc. No. 30), filed on April 22, 2009, is MOOT.

4. Plaintiff Jennie E. Urshan's objection to the Report and Recommendation on Plaintiff's Amended Petition for Attorney's Fees and Costs (Doc. No. 35), filed on June 15, 2009, is OVERRULED.

5. The parties' Joint Motion to Approve Settlement (Doc. No. 25), filed on April 8, 2009, is GRANTED. Plaintiff shall recover **$675.00** on her unpaid wages claim, which includes liquidated damages, and shall recover nothing on her unpaid overtime claim.

6. Plaintiff Jennie E. Urshan's Amended Petition for Attorney's Fees and Costs (Doc. No. 28), filed on April 14, 2009, is GRANTED IN PART and DENIED IN PART. The motion is GRANTED insofar as it seeks an award of attorneys' fees and costs, and DENIED as to the amount of fees and costs requested. Plaintiff is awarded **$2,793.00** for attorney's fees and **$380.00** in costs.

7. The clerk shall close this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on August 1, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

_____
ANNE C. CONWAY
United States District Judge